**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10368 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-00158-JD-1 |
| v. | |
| DAHRYL LAMONT REYNOLDS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted January 3, 2024[**]
San Francisco, California

Before: MILLER, SANCHEZ, and MENDOZA, Circuit Judges.

Defendant Dahryl Reynolds appeals the district court's imposition of a

condition of supervised release requiring that he obtain approval from a

probation officer before knowingly associating with any person convicted of a

felony. On the Government's motion under Federal Rule of Appellate

Procedure 27 and Ninth Circuit Rule 27-1, we stayed this appeal pending en

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

banc proceedings in *United States v. Montoya*, 82 F.4th 640 (9th Cir. 2023) (en banc). With those proceedings now concluded, we now vacate and remand to the district court.

1. In *Montoya*, we held that "a district court must orally pronounce all discretionary conditions of supervised release [in the presence of the defendant], including those referred to as 'standard' in § 5D1.3(c) of the United States Sentencing Guidelines Manual." *Id.* at 644–45 (overruling in part *United States v. Napier*, 463 F.3d 1040 (9th Cir. 2006)). To satisfy this due process requirement, the district court can either "recite each condition it elects to impose" or, "where the defendant has been informed of the proposed conditions of supervised release in advance of sentencing, the court can incorporate those conditions by reference at the hearing." *Id.* at 651. "When the court states at the sentencing hearing in the presence of the defendant that it is incorporating by reference one or more discretionary conditions from a document or list provided to the defendant in advance of the hearing, the defendant has a meaningful opportunity to challenge those conditions." *Id.* at 652.

2. At Reynolds's sentencing hearing, the district court orally announced that his supervised release would be subject to "all the standard conditions of supervised release that have been adopted in this district." As the Government acknowledges, the district court did not recite each standard condition of supervised release or reference any list or document provided to Reynolds in advance of the sentencing hearing that enumerated these

2

conditions. The Presentencing Report, which Reynolds received several weeks before the hearing, did not list any proposed standard condition of supervised release. It was only in the written judgment that Reynolds discovered the court had imposed a felon association ban as a condition of his supervised release. Reynolds's due process right to be present during the pronouncement of standard conditions of supervised release was therefore violated. *Montoya*, 82 F.4th at 655.

3. Consistent with the remedy in *Montoya*, we vacate the imposition of any standard conditions of supervised release that were not orally pronounced at the time of Reynolds's sentencing hearing and remand to the district court for the limited purpose of reconsidering those conditions.[1] *Id.* at 656.

**VACATED AND REMANDED.**

---

[1] Reynolds raises other procedural and substantive challenges to the felon association condition. On remand, he will have an opportunity to raise these claims before the district court in the first instance.